# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA
# FRESNO DIVISION

| | |
|---|---|
| CHRISTOPHER M. WILSON,<br><br>　　　　　　Petitioner,<br>　vs.<br><br>D.K. SISTO, Warden,<br><br>　　　　　　Respondent. | CASE NO. 1:07-cv-00436-H-CAB (HC)<br><br>**ORDER DENYING PETITIONER'S PETITION FOR WRIT OF HABEAS CORPUS, and DENYING A CERTIFICATE OF APPEALABILITY** |

On March 15, 2007[1], Christopher M. Wilson ("Petitioner"), a California prisoner proceeding *pro se* and *in forma pauperis*, filed a Petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 in the United States District Court for the Eastern District of California. (Doc. No. 1.) D.K. Sisto ("Respondent"), Warden of the California State Prison at Solano, filed an Answer on April 25, 2008. (Doc. No. 9.) On November 10, 2008, Petitioner filed his Traverse to Respondent's Answer. (Doc. No. 16.) On November 25, 2008, the Eastern District reassigned the case to the Southern District for review. (Doc. No. 17.)

For the reasons set forth below, the Court denies the Petition for writ of habeas corpus.

///

---

[1] A pro se prisoner's state and federal habeas corpus petitions are deemed filed when the prisoner delivers the petition to prison authorities for mailing. See Saffold v. Newland, 250 F.3d 1262, 1268 (9th Cir. 2001), vacated and remanded on other grounds, Carey v. Saffold, 536 U.S. 214 (2002). The Court will view the dates that Petitioner filed his petition for mailing as the dates each petition was signed by Petitioner, unless otherwise noted.

## **Background**

**A.     Procedural History.**

On December 5, 2003, a jury convicted Petitioner of the following counts: (1) unlawfully taking or driving a vehicle pursuant to Cal. Penal Code § 10851(a); (2) receiving stolen property pursuant to Cal. Penal Code § 496; and (3) obstructing a peace officer pursuant to Cal. Penal Code § 148.  (Reporter's Transcript, "RT," at 458-59.)  In addition, the jury found that Petitioner had suffered two prior convictions under California's Three Strikes Law, and that Petitioner had served one prior prison term.  (RT at 481-82.)  Accordingly, Petitioner was sentenced on January 21, 2004, for 25 years to life, plus one additional year as an enhancement for the prior prison term.  (Clerk's Transcript, "CT," at 293-94, 311.)  Petitioner was sentenced to credit for time served for his misdemeanor conviction.  (CT 307.)

Petitioner then appealed his sentence to the California Court of Appeal (Lodgment 1). The Court of Appeal affirmed the trial court judgment on July 21, 2005, except for one enhancement which, by agreement of both parties, was improperly imposed during sentencing. (Lodgment 4.)  The Court of Appeal denied Petitioner's request for rehearing.  (Lodgments 5, 6.)  The California Supreme Court also denied review on October 26, 2005.  (Lodgment 7, 8.) The United States Supreme Court denied the petition for writ of certiorari on May 22, 2006. (Lodgment 9.)

On March 15, 2004, Petitioner filed a petition for writ of habeas corpus in the California Supreme Court, which was denied on February 2, 2005.  (Lodgment 10.)  On April 12, 2006, Petitioner filed a petition for writ of habeas corpus with the Kern County Superior Court, which was denied on April 14, 2006.  (Lodgment 11.)  Petitioner filed this Petition for writ of habeas corpus under 28 U.S.C. § 2254 on March 20, 2007.  (Doc. No. 1.)  Petitioner raises multiple claims in his Petition, including lack of substantial evidence, due process violations, ineffective assistance of counsel, and denial of a fair trial and impartial jury.  (See Doc. No. 1.)

**B.     Factual Background.**

The following facts are taken from the California Court of Appeal:

> On August 2, 2003, Rosa Alvarez brought her red 1998 Pontiac to a Bakersfield Wal-Mart for an oil change.  After handing over the keys to a mechanic,

she entered the main part of the store. A few minutes later, Alvarez was paged and asked to return to the automotive section where she was informed that her car had been stolen.

Another Wal-Mart customer, Shane Streumpf, saw a car being taken, but thought it was a white Honda. He could not identify Wilson as the person who took the car.

Officer Jason Hatcher was on duty the night of August 2, 2003, when he spotted a red 1998 Pontiac. Aware of the stolen vehicle report, Hatcher turned around in order to follow the Pontiac. The Pontiac turned into an alley and turned off its lights. At that point, Hatcher activated the wig-wag lights on his vehicle. The Pontiac then accelerated and Hatcher turned on his siren. When the Pontiac same to a stop at the end of the alley, the driver, Wilson, stepped out of the car. Instead of dropping to the ground as ordered, the driver took off running.

As Hatcher began to follow Wilson, he noticed a passenger, Ronnie Wilson, [FN1] in the Pontiac. Hatcher and Officer Ferguson, who had arrived at the scene, pulled Ronnie from the vehicle when he refused an order to step out of the car. Ronnie was placed on the ground and handcuffed.

_____

FN1. Ronnie Wilson is no relation to appellant and will be referred to as Ronnie in order to avoid confusion with appellant.

_____

Officers Toney Hannon and Chris Johnson were on patrol when they received a report of a fleeing suspect. About five minutes after arriving at the scene, they spotted Wilson walking briskly. When they identified themselves as officers and called out to Wilson to stop, he instead headed down an alley, with Hannon and Johnson in pursuit. Wilson eventually stopped.

Hatcher was notified that Wilson had been detained. Hatcher arrived at the location and identified Wilson as the person who had exited the driver's side of the Pontiac. Ronnie also identified Wilson as the person who had fled from the Pontiac and the one who had been driving the car. At trial, however, Ronnie denied identifying or knowing Wilson. (Lodgment 4 at 2-3).

## Discussion

**A.  Standard of Review.**

The Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") amended 28 U.S.C. § 2254(d) to provide the following standard of review applicable to state court decisions:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–
>
> (1)  resulted in a decision that was contrary to, or involved an

1 unreasonable application of, clearly established Federal law, as
2 determined by the Supreme Court of the United States; or
3 (2)   resulted in a decision that was based on an unreasonable
4 determination of the facts in light of the evidence presented in the
5 State court proceedings.
6 28 U.S.C. § 2254(d).

7 For Petitioner to obtain federal habeas relief, Petitioner must satisfy either § 2254(d)(1) or § 2254(d)(2).  The United States Supreme Court has stated that a federal court may grant habeas relief under the "contrary to" clause of § 2254(d)(1) if the state court either (1) "arrives at a conclusion opposite to that reached by [the United States Supreme Court] on a question of law," or (2) "decides a case differently than [the United States Supreme Court] has on a set of materially indistinguishable facts."  Williams v. Taylor, 529 U.S. 362, 403 (2000).

A federal court may grant habeas relief under the "unreasonable application" clause of § 2254(d)(1) "if the state court identifies the correct governing legal principle from [the United States Supreme Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case."  Id. at 412-13.  "Unreasonable application" must be objectively unreasonable to the extent that the state court decision is more than merely incorrect or erroneous.  Lockyer v. Andrade, 538 U.S. 63, 75 (2003).

Moreover, even if a state court decision is contrary to United States Supreme Court precedent or rests on an unreasonable determination of facts in light of the evidence, Petitioner must show that such error in the state court's ruling caused substantial or injurious prejudice.  See Penry v. Johnson, 532 U.S. 782, 795 (2001) (quoting Brecht v. Abrahamson, 507 U.S. 619, 637-38 (1993)).  The state court's factual determinations are presumed to be correct and the petitioner has the burden of rebutting this presumption by clear and convincing evidence.  28 U.S.C. § 2254(e)(1).  Because AEDPA creates a highly deferential standard towards state court rulings, state court decisions should be given the benefit of the doubt.  Womack v. Del Papa, 497 F.3d 998, 1001 (9th Cir. 2007).

28 ///

**B.     Substantial Evidence.**

Petitioner alleges in Claim 1 that his convictions for unlawfully taking or driving a vehicle pursuant to Cal. Penal Code § 10851(a), and receiving stolen property pursuant to Cal. Penal Code § 496, are unsupported by substantial evidence, and therefore his due process rights were violated.  (Doc. No. 1 at 6.)

A conviction unsupported by substantial evidence denies a defendant due process of law. Juan H. V. Allen, 408 F.3d 1262, 1274 (9th Cir. 2005).  This is premised on the idea, embodied in the Fourteenth Amendment to the Federal Constitution, that requires proof beyond a reasonable doubt of every fact necessary to constitute a crime with which the defendant is charged.  In re Winship, 397 U.S. 358, 364 (1970).  However, when reviewing the substantiality of evidence supporting a conviction, the Court must view the evidence most favorable to the prosecution, and then examine if any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.  See Jackson v. Virginia, 443 U.S. 307, 319 (1979).  Because reviewing courts are deferential to jury verdicts, Petitioner faces a heavy burden in a federal habeas proceeding when challenging the sufficiency of the evidence under federal due process.  See Allen, 408 F.3d at 1274-75.

In the present case, Petitioner contends that the evidence to convict is insufficient because the prosecution failed to prove that the car stolen on August 2, 2003 was the same car that Petitioner allegedly was driving.  (Doc. No. 1 at 6.)  Viewed in a light most favorable to the prosecution, a rational trier of fact could have concluded that Petitioner was guilty of the alleged counts. Ms. Rosa Alvarez testified that she owned a red 1998 Pontiac (RT 126) and that she did not give anyone permission to drive the car (RT 129).  The Prosecution introduced a title and registration certificate into evidence.  (RT 127-28.)  Ms. Alvarez testified that her stereo was still in the car, but that her CDs were missing.  (RT 130.)  She also referred to the vehicle as her car.  (RT 131.)  Finally, Ms. Alvarez testified that the seat and mirror positions were exactly as she had left them.  (RT 132-33.)  And, as the Court of Appeal noted, Petitioner did not challenge Ms. Alvarez's claim that the car she received was her car.  (Lodgment 4 at 6.)

When reviewing the sufficiency of the evidence after a conviction, this Court views the

1 evidence in a light favorable to the conviction, and draws reasonable inferences from that
2 evidence.  See Jackson, 443 U.S. at 319.  For federal habeas review, this Court examines the
3 state court holding for objective unreasonableness.  Lockyer, 538 U.S. at 75.  Petitioner has not
4 shown that the state court employed an objectively unreasonable application of law.  Ms.
5 Alvarez testified that she owned the car, that she did not give anyone permission to drive it, and
6 that there were items missing from the car when it was returned to her.  The Court concludes
7 that, based on the evidence presented at trial and reviewed by the California Court of Appeal,
8 in a light most favorable to the prosecution, a reasonable trier of fact could have determined that
9 Petitioner was guilty of the crimes alleged.

10    Accordingly, the Court denies the Petition on this ground.

11 **C.    Merged Convictions.**

12    Petitioner next contends in Claim 2 that his conviction for receiving stolen property
13 pursuant to Cal. Penal Code § 496 is improper because it merged with his conviction for
14 unlawfully taking or driving a vehicle pursuant to Cal. Penal Code § 10851(a).

15    Under California law, a defendant cannot be convicted of stealing and receiving the same
16 car, but he can be convicted of a separate act of driving it.  People v. Garza, 111 P.3d 310, 312
17 (Cal. 2005).  In Garza the court noted that a defendant cannot be convicted under  Cal. Penal
18 Code §§ 496 and 10851 if the defendant's action of taking the vehicle with intent to deprive the
19 owner of possession is the same action as receiving the stolen vehicle because taking the vehicle
20 and receiving a stolen vehicle would result in two theft charges deriving from the same action.
21 11 P.3d at 312.  However, driving a stolen vehicle may constitute a separate crime apart from
22 the theft of the vehicle if the driving occurred after the completed theft (i.e. post-theft driving).
23 Id.  In federal habeas review, however, this Court is not empowered to review a state court's
24 determination of state law.  Estelle v. McGuire, 502 U.S. 62, 67-68 (1991).  Rather, federal
25 courts review whether a state court conviction or sentence violated the Constitution, laws, or
26 treaties of the United States.  Id.

27    Petitioner argues that the proximity in time and location between the taking and the
28 driving indicates that he was still in the act of taking the car, and therefore could not be found

1  guilty under both statutory provisions. (Doc. No. 1 at 7.) Based on the facts presented at trial,
2  it is not reasonably probable that a reasonable jury would have found Petitioner guilty of theft
3  rather than post-theft driving. Respondent concedes that a reasonable jury could not have
4  convicted Petitioner of taking the car because Mr. Streumpf, the only witness at the scene, could
5  not correctly identify the stolen car nor the person who stole it. (Lodgment 2 at 8.)
6  Approximately five hours had lapsed since the vehicle was stolen to the time that Petitioner was
7  found driving the vehicle. (RT 131, 284.) Officer Hatcher identified Petitioner as the one who
8  was driving the car. (RT 185.) In addition, the prosecution emphasized the driving element of
9  the statute during closing argument, explicitly rejecting the taking element of the statute. (RT
10 406.) In light of the record, the Court of Appeal construed Petitioner's conviction to be a post-
11 theft driving conviction under Cal. Penal Code § 10851. A reasonable jury could not have
12 convicted of theft but could have convicted of driving, and therefore Petitioner's convictions
13 do not merge.

14      Accordingly, the Court denies the Petition on this ground.

**D.     Denial of a Continuance.**

16      Petitioner next contends in Claim 3 that the trial court's failure to order a continuance
17 of trial so that Petitioner could conduct a live lineup and further discovery violated his due
18 process rights.

19      A trial court's decision to deny a continuance of trial is within the discretion of the trial
20 court and is reviewed for abuse of discretion. United States v. Riveria-Guerrero, 426 F.3d
21 1130, 1138 (9th Cir. 2005). Reviewing courts will look at the relevant factors and
22 circumstances in a case to determine if the denial was arbitrary or unreasonable. Id. The court
23 in Riveria-Guerrero examined four factors when reviewing for abuse of discretion: (1) a
24 petitioner's diligence in preparing his case; (2) the likelihood that a continuance would serve
25 a useful purpose; (3) whether the continuance would create inconvenience for the parties, the
26 court, or witnesses; and (4) whether the petitioner was prejudiced by the denial of continuance.
27 Id. at 1138-39. The fourth factor of the Riveria-Guerreru test – prejudice to petitioner from
28 denial – must be established, while the other three factors are not dispositive. 426 F.3d at 1139.

1  Moreover, a conviction will not be reversed for failure to grant a continuance unless the
2  petitioner can show that he suffered actual and substantial prejudice. Martel v. County of Los
3  Angeles, 56 F.3d 993, 995 (9th Cir. 1995).

4  Petitioner has not shown that he suffered prejudice as a result of the denial. The lineup
5  Petitioner intended to conduct was based on information that Mr. Streumpf did not correctly
6  identify Petitioner in a previous lineup. (RT 8.) However, as is evident from the trial
7  testimony, Mr. Streumpf could not identify Petitioner as the thief, nor could he correctly
8  identify the car that was stolen. (RT 162-64.) Petitioner's continuance for a lineup would
9  merely have reemphasized a point that was already evident at trial. Since Petitioner cannot
10 show that the denial of continuance resulted in prejudice, the trial court did not abuse its
11 discretion.

12 Petitioner's claim that a denial of a continuance deprived him of effective assistance of
13 counsel also fails because counsel was diligent in pursuing Petitioner's case. Defense counsel
14 raised the continuance issue with the trial court. As noted above, however, allowing a
15 continuance is a matter within the trial court's discretion, Riveria-Guerrero, 426 F.3d at 1138,
16 and denying the continuance in this case did not cause Petitioner any prejudice. Moreover,
17 Petitioner sought a continuance in order to show that Mr. Streumpf could not identify him in
18 a lineup, but Mr. Streumpf's inability to identify Petitioner in a lineup was quite evident at trial,
19 and therefore Petitioner's request for a continuance was merely cumulative in terms of the
20 evidence presented at trial.

21 Accordingly, the Court denies the Petition on this ground.

22 **E.  Punishment Discussion with Jurors.**

23 Petitioner next contends that he did not have a fair trial or an impartial jury because the
24 court, in response to an inquiry from two jurors, told the two jurors not to consider punishment
25 in their deliberations. (Doc. No. 1 at 9.) The record shows that two jurors overheard two
26 attorneys talking about an "auto robbery case," and that the case would be the defendant's third
27 strike. (RT 384, 387.) The jurors thought that the comment was in reference to Petitioner's
28 case, and therefore they brought the comments to the attention of the trial judge. (RT 384.) The

1 trial court instructed the two jurors that the comments did not have anything to do with
2 Petitioner's case, and that the attorneys the jurors overheard had nothing to due with Petitioner's
3 case. (RT 385, 387, 389.) The court reemphasized that the charges in Petitioner's case were
4 not strikes. (RT 385, 387.) The jurors confirmed that they had not spoken about the comments
5 to any other jurors. (RT 388.) Defense counsel expressed concern that the jurors might convict
6 if they thought the punishment was not that important, to which the court responded that jurors
7 should not consider punishment in making their decision. (RT 387-88.) The trial court
8 instructed the jury not to take the consequences of their decision into consideration. (RT 395.)
9 The trial court further instructed the jury that the subject of penalty or punishment should not
10 enter jury deliberations and should not affect the verdict. (RT 447.)

11 The trial court acted correctly. In <u>Shannon v. United States</u>, 512 U.S. 573 (1994), the
12 court concluded that when a jury does not have a sentencing function, it should be instructed
13 not to consider any possible punishment involved when rendering its verdict. 512 U.S. at 579.
14 The trial court clearly instructed the jury before deliberations that the jury was to weigh the
15 evidence and apply the law without concern for the consequences of its decision, and that the
16 jury was not to take penalty or punishment into consideration. (RT 395, 447.) The Court agrees
17 with the California Court of Appeal that there was no prejudice or impartiality in the trial
18 court's comments to the jurors.

19 Petitioner also contends that the alleged error in instructing the two jurors inhibited the
20 jury's nullification power. (Doc. No. 1 at 10.) The United States Supreme Court recognized
21 in <u>Standefer v. United States</u>, 447 U.S. 10 (1980) that there is no right under the Federal
22 Constitution to jury nullification, 447 U.S. at 22, and therefore the California Court of Appeal
23 was not unreasonable in rejecting Petitioner's claim on this ground.

24 Accordingly, the Court denies the Petition on this ground.

25 **F.     Jury Instructions.**

26 Petitioner contends that his due process rights were violated when the trial court did not
27 provide *sua sponte* jury instructions on a variety of issues. Claim 5 alleges that the trial court
28 should have provided cautionary instructions on accomplice testimony. (Doc. No. 1 at 11.)

Claim 6 asserts that the trial court should have instructed the jury that it must be unanimous in determining what acts constituted resisting arrest. (Doc. No. 1 at 12.) Claim 7 alleges that the trial court should have told the jury that Petitioner could not be convicted of taking stolen property and receiving the same stolen property. (Doc. No. 1 at 13-14.)

When reviewing errors in federal habeas proceedings, reviewing courts look to see whether, examining the record as a whole, the error had a substantial and injurious effect or influence in determining the jury's verdict. Brecht v. Abrahamson, 507 U.S. 619, 638 (1993). Federal habeas review follows the federal standard for harmless error in Brecht, regardless of the standard used in state court. Bains v. Cambra, 204 F.3d 964, 977 (9th Cir. 2000). In Cupp v. Naughten, 414 U.S. 141 (1973), the United States Supreme Court observed that a single jury instruction cannot be judged in artificial isolation, but rather must be viewed in light of the overall trial process. 414 U.S. 146-47. An instruction by itself may rise to the level of constitutional error, but reviewing courts should be cognizant of the fact that a trial is a culmination of evidence, testimony, argument, exhibits, and jury instructions. Id. at 147. Moreover, an instruction is generally but one of many instructions provided to the jury. Id. Alleging a constitutional error in failing to give an instruction places an especially heavy burden on the petitioner because an omission or incomplete instruction is less likely to cause prejudice than an incorrect statement of the law. Henderson v. Kibbe, 431 U.S. 145, 155 (1977).

Claim 5 alleges a due process violation when the trial court failed to instruct the jury on accomplice testimony. (Doc. No. 1 at 11.) Petitioner requested that an accomplice instruction be given to the jury, but this request was later withdrawn. (CT 194-98.) The California Court of Appeal concluded that failure to issue a jury instruction on accomplice testimony was harmless because the testimony was corroborated by other evidence and testimony, including the testimony of Officer Hatcher who identified Petitioner was the driver of the car. (Lodgment 4 at 7-8.) This Court agrees with the California Court of Appeal. Under Brecht, failure to give an accomplice testimony instruction did not create a substantial and injurious effect in this case because the supposed accomplice's testimony was corroborated by other evidence and testimony. The instructions that Petitioner requested and later withdrew instructed the jury that

1  accomplice testimony should be corroborated by other testimony or evidence, and therefore
2  failure to instruct on this point, given that corroborating testimony was already given, is not
3  prejudicial.  Accordingly, the Court denies the Petition on this Claim.

4  Second, Claim 6 alleges a due process violation when the trial court did not instruct the
5  jury on unanimity of action that constituted resisting arrest. (Doc. No. 1 at 12.) Respondent
6  asserts that this Court lacks subject matter jurisdiction over this claim.  The United States
7  Supreme Court in Maleng v. Cook, 490 U.S. 488 (1989) (*per curiam*), held that for the purposes
8  of federal habeas review, a federal court can only accept claims from persons who are in
9  custody in violation of the Constitution and laws of the United States. 490 U.S. at 490. See 28
10 U.S.C. §§ 2241(c)(3) and 2254(a).  Thus, a habeas petitioner must be in custody under the
11 conviction or sentence that is under attack at the time the petition is filed.  Maleng, 490 U.S.
12 at 491.  If a petitioner suffers no present restraint from the conviction under attack, including
13 any parole or probation, then the federal court lacks jurisdiction over the claim. Id. at 492.

14 Petitioner was convicted of resisting arrest, and was sentenced to credit time for that
15 count. (CT 294, 307.) Petitioner was specifically sentenced to 259 days, which constituted 173
16 days of custody credit and 86 days for good work credit. (CT 294, 307.)  Probation or parole
17 was not included in Petitioner's sentence for his conviction for resisting arrest.  In effect,
18 Petitioner's sentence was fully discharged the day he was sentenced.  Accordingly, the Court
19 concludes that it lacks subject matter jurisdiction over this claim under Maleng and under 28
20 U.S.C. §§ 2241(c)(3) and 2254(a) because Petitioner is no longer in custody for his conviction
21 of resisting arrest.

22 Finally, Claim 7 alleges a due process violation when the trial court failed to instruct the
23 jury that Petitioner could not be convicted of both theft and receipt of stolen property.  (Doc.
24 No. 1 at 13-14.)  The California Court of Appeal noted that failing to *sua sponte* give the jury
25 instruction constituted error. (Lodgment 4 at 4.)  The question presented to this Court, then, is
26 whether failure to give the instruction resulted in a substantial and injurious effect in the
27 proceedings. See Brecht, 507 U.S. at 638.

28 The California Court of Appeal construed Petitioner's convictions as one for receipt of

stolen property and one for post-theft driving. (Lodgment 4 at 4-5.) This construction is well supported by the record. Respondent concedes that a reasonable jury could not have convicted Petitioner of taking the car because Mr. Streumpf, the only witness at the scene, could not correctly identify the stolen car or the person who stole it. (Lodgment 2 at 8.) Officer Hatcher identified Petitioner as the one who was driving the car. (RT 185.) In addition, the prosecution emphasized the driving element of the statute during closing argument, explicitly rejecting the taking element of the statute. (RT 406.) The Court concludes that given the evidence and statements presented in the case that the failure to instruct the jury on this point did not cause a substantial and injurious effect in the trial. A reasonable jury, if instructed properly, would have reached the same result because the evidence and statements only supported the driving element of the statute. Accordingly, the Court denies the Petition on this ground.

**I.     Cumulative Error.**

Petitioner contends in Claim 8 that even if any of the above alleged errors do not independently constitute a holding contrary to or an unreasonable application of United States Supreme Court precedent, the cumulative effect of the errors does constitute a violation of Petitioner's due process rights. (Doc. No. 1 at 14-15.)

Prejudice to a defendant occurs when the cumulative errors infected the trial with unfairness so as to make the resulting conviction a denial of due process. Parle v. Runnels, 387 F.3d 1030, 1045 (9th Cir. 2004). Cumulative error is based on the aggregation of substantial errors throughout the trial. Id. Like all federal habeas review, relief cannot be granted on the basis of errors of state law unless the cumulative effect of the errors violates the Federal Constitution. Lewis v. Jeffers, 497 U.S. 764, 780 (1984). The petitioner must show that actual prejudice resulted from trial errors to constitute reversible error. Brecht, 507 U.S. at 637.

Petitioner has not shown that he suffered actual prejudice in this case. As noted in the preceding discussion, the only cognizable error was the trial court's failure to *sua sponte* give an instruction that Petitioner cannot be convicted of both theft and receipt of stolen property, but this error was harmless. Because there were no substantial errors in the proceedings below, there is no cumulative error for this Court to assess. Moreover, overall Petitioner's defense

counsel was diligent in preparing Petitioner's case, and therefore Petitioner was also afforded effective assistance of counsel at trial.

Accordingly, the Court denies the Petition on this ground.

**J.     Prior Strike Convictions.**

Petitioner finally contends in Claims 9 and 10 that the trial court abused its discretion in refusing to overlook a prior strike conviction when sentencing Petitioner, and that the trial court erred in allowing the jury to find prior strike convictions but not the degree of those convictions. (Doc. No. 1 at 15, 20.)

Under California law, a trial court has discretion on whether to strike a prior conviction during the sentencing phase, and reviewing courts look for abuse of discretion on appeal. People v. Carmony, 33 Cal. 4th 367, 376 (Cal. 2004). A trial court, in exercising its discretion, must weigh the defendant's constitutional rights against the interests of society in incarcerating a repeat offender. People v. Superior Court (Romero), 13 Cal. 4th 497, 530 (Cal. 1996). Under federal habeas review, however, errors in the interpretation or application of state law are not cognizable. Middleton v. Cupp, 768 F.2d 1083, 1085 (9th Cir. 1985). Moreover, if a claim is available under state law, it does not follow that the claim is available under United States law. Dugger v. Adams, 489 U.S. 401, 409 (1989). Several District Court holdings have rejected similar claims to Petitioner's, noting that a state trial court's discretion in refusing to strike a prior conviction is not reviewable under federal habeas law as a violation of the Constitution or laws of the United States. See Ely v. Terhune, 125 F. Supp. 2d 403, 411 (C.D. Cal. 2000); Lacy v. Lewis, 123 F. Supp. 2d 533, 551 (C.D. Cal. 2000). The trial court exercised its discretion in refusing to strike a prior conviction in light of the entirety of Petitioner's record, and the California Court of Appeal upheld this discretion as non-arbitrary in a reasoned opinion. (Lodgment 4 at 16-17.) Petitioner's claim is not cognizable in federal habeas review, and therefore the Court denies the Petition on this Claim.

Moreover, even if Petitioner's claim was cognizable in federal court, the trial court's discretion was not arbitrary or capricious. See Richmond v. Lewis, 506 U.S. 40, 50 (1992). The thrust of Petitioner's argument is that the trial judge mistakenly considered two prior

convictions as two separate acts, when the trial judge should have considered them to be one period of aberrant behavior. (Doc. No. 1 at 19-20.) However, Petitioner's argument overlooks the entirety of Petitioner's criminal record: four prior burglary convictions, two prior convictions for receiving stolen property, one prior conviction for spousal abuse, and four parole violations. (Lodgment 4 at 16.) Given the entirety of the record, the trial judge's exercise of discretion cannot be said to be arbitrary or capricious in this case.

Finally, Petitioner alleges in Claim 10 that the jury should have found the degree of prior convictions in addition to finding the prior convictions to be true. (Doc. No. 1 at 20.) The United States Supreme Court in Apprendi v. New Jersey, 530 U.S. 466 (2000), noted that any factor that increased a defendant's punishment beyond the statutory maximum must be found by a jury beyond a reasonable doubt. 530 U.S. at 490. An exception to this requirement is that a prior conviction need not be proven to a jury. Id. Accordingly, under Supreme Court precedent, Petitioner is not entitled as a matter of federal constitutional law to have prior convictions found by a jury beyond a reasonable doubt. Petitioner may have a right to a jury trial of prior convictions for the prior strikes under state law, see Cal. Penal Code §§ 1025 and 1158, but he does not have this right under federal law, and therefore his claim is not cognizable in federal habeas review.

## Conclusion

For the reasons stated above, the Court DENIES the Petition for Writ of Habeas Corpus. The Court also DENIES a Certificate of Appealability.

IT IS SO ORDERED.

DATED: June 17, 2009

_____
**MARILYN L. HUFF, District Judge**
**UNITED STATES DISTRICT COURT**

COPIES TO:
All Parties of Record.